## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARTIN JOHNSON,

      Petitioner,

    v.                                   Case No: 8:12-cv-1982-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

      Respondents.

_____

## ORDER

The Petitioner, Martin Johnson a Florida prison inmate proceeding *pro se*, brings this timely habeas corpus petition pursuant to 28 U.S.C. § 2254. Dkt. #1. Respondent has filed a response, Dkt. #13, and the Petitioner has filed a reply, Dkt. #16. Petitioner is challenging judgments and sentences entered in 2009 by the Thirteenth Judicial Circuit for possession of a short barreled shotgun, felon in possession of a firearm, possession of marijuana with intent to sell, and possession of drug paraphernalia. Dkt. #1; Ex. #2, 80-82. The Court concludes the instant motion should be denied, because the Petitioner's first ground raises only issues of state law and his second is without merit.

## BACKGROUND

Before Petitioner's trial, an assistant state attorney offered him a sentence of five years in exchange for a guilty plea on all charges. Ex. 7, 9-10. The Petitioner refused and elected a jury trial. Ex. 7, 9-10. "After the testimony of two witnesses the Petitioner decided he wanted the original plea offered by the state because it was in his best

interest." Dkt. #1, 6. The trial court refused to accept the pre-trial plea agreement, but accepted a guilty plea without an agreement and explicitly explained to Petitioner he faced a maximum sentence of 36 years by doing so. Ex. 2, 73-76. Nevertheless, the Petitioner agreed and was sentenced to 15 years for possession of the shotgun, 15 years for felon in possession of a firearm, 5 years for possession of marijuana with intent to sell, and time served for possession of drug paraphernalia, all terms to be served concurrently. Ex. 2, 80-81.

Approximately two weeks after sentencing, Petitioner filed a motion to withdraw his plea, arguing he did not realize he could be sentenced to 15 years. Ex. 5. During trial, the court explicitly explained the maximum sentence of each charge to Petitioner. Ex. 2, 73-76. But, Petitioner argues he "had trouble listening to testimony" because his girlfriend was almost nine months pregnant and had been to the hospital the day before. Dkt. #1, 4-6. At the hearing on this motion, Petitioner's trial attorney testified Petitioner never mentioned his pregnant girlfriend and did not seem "distant" or "distracted."  Ex. 7, 7, 11-18. Petitioner's attorney further testified she explained the possibility of a sentence greater than five years and he understood this. Ex. 7, 15. The trial court denied Petitioner's motion to withdraw his plea. Ex. 7, 38-39; Ex. 8.

On direct appeal, Petitioner only raised whether the trial court erred in denying the motion to withdraw his plea. Ex. 11. The state appellate court affirmed *per curiam* without a written opinion. Ex. 12. Petitioner then filed a state habeas corpus petition claiming his appellate counsel was ineffective for failing to argue the trial court imposed a vindictive sentence. Ex. 13. The petition was denied. Ex. 14. Petitioner then filed this timely habeas corpus petition.

## Ground One: Withdrawal of Guilty Plea

Claims based upon state law may not be brought before this court. *Agan v. Vaughn,* 119 F.3d 1538, 1549 (11th Cir. 1997). To bring a constitutional claim to this Court a petitioner must first exhaust that claim in state court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Failure to present the constitutional dimension of an objection at trial and on appeal does not satisfy the exhaustion requirement, because the state court has not been given the opportunity to resolve the complaint. *Id.*

In Ground One, Petitioner argues the trial court erred by denying his motion to withdraw his guilty plea. Petitioner does not factually support this ground as a constitutional violation. Dkt. #1; Dkt. #16. Instead, Petitioner simply states the trial court violated his Fifth, Sixth, and Fourteenth amendment rights by denying the motion. Dkt. #1; Dkt. #16. Conclusory statements made without factual or legal support cannot be a basis for relief. Thus, the Petitioner has failed to allege a constitutional issue in Ground One and may not raise it before this Court. *Duncan v. Henry*, 513 U.S. 364. Likewise, Petitioner did not raise a constitutional issue in state court, and is consequently barred from doing so here. *Duncan v. Henry*, 513 U.S. at 365.

For purposes of explanation only, this ground would also fail on the merits. Under Florida law, there is no right to withdraw a guilty plea. *Adams v.* State, 83 So. 2d 273 (Fla. 1955). Permission to grant or deny a motion to withdraw a plea is within the discretion of the trial court, and "the burden of proving abuse of such discretion is upon the appellant." *Id.* at 274. Here, Petitioner argues only that the motion should have been granted because he was distracted by his girlfriend's pregnancy. Dkt. #1, 3. But, Petitioner's trial counsel testified the Petitioner did not seem distracted, and he understood the repercussions of a guilty plea. Ex. 7, 7, 11-18, 38-39. Therefore, there is

3

no showing that the trial court abused its discretion when it denied Petitioner's motion to withdraw his plea.

### Ground Two: Ineffective Assistance of Appellate Counsel

To be successful, a claim of ineffective assistance of counsel must show "counsel's performance was deficient" and that "the deficient performance prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To be deficient, it must be shown "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* This is a high standard to meet, as it requires the counsel to act in an objectively unreasonable manner. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*). Similarly, one's counsel is presumed competent, and the accuser must explicitly overcome this presumption with factual evidence to be successful. *United States v. Cronic*, 466 U.S. 648, 658 (1984); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Chandler v. United States*, 218 F.3d 1314 n.15.

And counsel's deficient conduct must actually prejudice the defendant. *Strickland v. Washington*, 466 U.S. 668. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Finally, "[t]here is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

In Ground Two, Petitioner argues his appellate counsel was ineffective for failing to argue the trial court imposed a vindictive sentence. Petitioner points to no evidence in the record to suggest the trial court was biased or vindictive. Dkt. #16, 7-8. Instead, Petitioner argues that "no new evidence justifying the imposition of a sentence greater

in length then that which the state offered" before trial, so the court must have been retaliating against Petitioner for "exercising his [c]onstitutional rights." Dkt. #16, 7-8.

The imposition of a sentence higher than a pre-trial offer, by itself, is insufficient to demonstrate vindictiveness. *See Alabama v. Smith*, 557 So.2d 13 (1989). Appellate counsel is under no obligation to make frivolous arguments, even when urged by the appellant. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *see Harris v. State,* 903 So.2d 363, 366 (Fla. 2d DCA 2005) (holding the "totality of the circumstances" should be considered "when determining whether a defendant's constitutional right to due process was violated by the imposition of an increased sentence . . . ."), citing *Wilson v. State,* 845 So.2d 142, 156 (Fla.2003). Here, claiming the trial court imposed a vindictive sentence without any evidence other than a sentence higher than a pre-trial offer would be frivolous. *See id.*

The maximum sentence was 36 years and the trial court only imposed 15. Ex. 2, 76. Counsel is not deficient for failing to argue vindictive sentence, when no evidence in the record supports such an argument and a sentence less than half the statutory maximum is imposed. *See Chandler v. United States*, 218 F.3d at 1315; *Evitts v. Lucey*, 469 U.S. at 394. Therefore, this Court concludes the Petitioner's right to effective assistance of counsel was not violated.

## **CONCLUSION**

It is therefore **ORDERED** that:

1.      The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1) is **DENIED**.

2.      The Clerk is to enter judgment for Respondent, Secretary, Department of Corrections, terminate any pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on this 19th day of June, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cv-1982 deny 2254.docx